Agenda number 4, case 116223, people of the state of Illinois v. Jose Gaytan. Are the parties ready to proceed? We may proceed. Good morning. May it please the court, counsel, I am Assistant Attorney General Jean Godfrey on behalf of the people of the state of Illinois. The fourth district here erred as a matter of law by interpreting section 3413B of the Illinois Vehicle Code as prohibiting only obstructions attached to the license plate itself. This interpretation misconstrues the statutory plain language, defeats the objective of the statute, and produces absurd results. For these reasons, this court should reverse the fourth district's legal error and hold that the statute prohibits any materials attached to or on the vehicle that obstruct the clear visibility of the license plate, including a trailer ball hitch. The plain language of the statute here is clear and unambiguous. It sets forth three general requirements governing the display of license plates. Every license plate must at all times be in a position to be clearly visible, be in a condition to be clearly legible, and be free from any materials that would obstruct the visibility of the plate. Contrary to the appellate court's holding, the statute contains no language limiting the prohibited obstructions to objects attached to the plate itself. Rather, the phrase, any materials, demonstrates the legislative intent to broadly prohibit any materials attached to or on the vehicle that obstruct the clear visibility of the plate. While the version in effect at the time of defendant's arrest also included the language including but not limited to glass covers and plastic covers, this language was meant only to provide a specific example of the materials that were prohibited. It was not meant to exclude materials that were not explicitly listed, as defendant now argues. Indeed, this court has repeatedly held that the phrase including but not limited to sets forth an illustrative list rather than an exhaustive one. Moreover, language regarding license plate covers was only added to the statute more than 20 years after it was originally enacted. And legislative debate transcripts from this time reveal that this language was added only to clarify that license plate covers were specifically prohibited, because at the time they had been used to distort the image of the cover, of the plate itself, for, to evade red light photo detection and photo radar. The appellate court's interpretation in effect reads limitation limiting language into the statute that does not appear in the plain language itself. Whereas here a trailer ball hitch obstructs an officer's clear visibility of a plate as he follows a vehicle at a safe distance, that plate is not in a position to be clearly visible, nor is it free from any materials that would obstruct the visibility of the plate. What about wheelchairs and bike holders? Well, those two are subject to this regulation, so the driver of the vehicle would have to mount those in a position so as to ensure the clear visibility of the plate at all times. Can I ask you this question? Would you agree that the owner of the vehicle can't choose where the license plate is going to be attached? And the car, different cars have different places for license plates, correct? Well, I would agree that vehicles come with pre-drilled holes for license plates, but there are only a few requirements in the statute about the actual location that the plate needs to be mounted. It needs to be at least 5 inches from the ground, securely fastened so as to prevent swinging, and in a horizontal position as well as illuminated. So if the driver wanted to. So if there's certain kinds of cars, I admit I've been watching cars all of a sudden trying to figure out where trailer hitch is. I am as well. And some cars, it just seems as though the place that the manufacturer has created to place a license is very low on the car. And so those cars, in your theory, could never have a trailer hitch. I disagree, Your Honor. Trailer hitches actually can either be attached to the vehicle's frame or to the vehicle's bumper. Most, which I didn't know before receiving this case. But most factory installed hitches come attached to the vehicle itself, the frame. And if you want to have one installed, oftentimes those are attached to the bumper. While the ball extends vertically above the hitch, it's actually very easily removable. It's held in place with a bolt and a nut so you can remove it yourself just using a wrench. So if you buy a car. Yes. But you want a trailer hitch. And the manufacturer makes it such that you, that it's very low, you have to take off, you have to do something to modify the car or the trailer hitch in order to comply with the statute. I guess the other side of the coin is the theory that seems to be behind the appellate court's decision here is that the actor, the owner, the person who has violated the law, has somehow modified the license plate. And because of that conduct of the owner of the car, they have this liability, this criminal liability that they violated the statute, versus the person who buys the car where there's only one place to put the license plate. Well, I agree. But I think that most of the factory installed trailer ball hitches that come on the vehicle, as I said, are attached to the frame itself. And most of those are on trucks and SUVs where the license plate is actually slightly above that. So when it's factory installed, I believe oftentimes the ball would not be in obstruction of the plate. But when the driver has to go out and have the hitch installed themselves, that's often done so on the bumper. So in that case, it would obstruct the visibility of the plate. Where here, the vehicle was an older model, a car, and it's not clear from the record whether the trailer ball hitch was factory installed or whether the driver did install it. But it's very easy for the driver to simply remove the ball. The ball isn't serving any function when it's not towing a trailer. And under Illinois law, a trailer is required to have its own plate. So in that instance, the driver would have its own license plate on the trailer, and it wouldn't violate the statute. But when you simply have the ball on the vehicle and you're not towing anything, it's not really serving any purpose. And it's very easy to remove it in order to conform with the clear visibility requirement. Is it clear visibility from any vantage point or not? Yes, it is. The phrase and the language, it must be clearly visible at all times, contemplates a greater degree of visibility than merely at certain angles. If we were to require the plate to only be visible if an officer was at a certain angle, then this would require an officer to potentially have to change lanes to be able to see the plate in full. So it wouldn't actually be possible on a two-lane highway and on a larger four-lane highway. We would be encouraging officers to weave in and out of traffic in order to view the plate in full, which would endanger other drivers. So, yes, it needs to be clearly visible at all angles from the rear of the vehicle. Ms. Godfrey? With regard to the vehicle code that's at issue at the time, the code seems to only talk about the plate itself and be free from material that would obstruct visibility of the plate, but not limited to glass covers and plastic covers. It doesn't go beyond what could be attached to the plate itself. It doesn't go beyond to outside things like bike racks and wheelchair racks and hitches for a trailer. And you would think, because they were pretty specific here, that they would have included that. So since it's not included, I think we're only supposed to be looking at the statute. Well, I agree that the phrase that you just read, if I could read it again just to clarify, the phrase says it must be free from any materials that would obstruct the visibility of the plate, including but not limited to glass covers and plastic covers. But it's talking about it, meaning the plate. Correct. But this is just one phrase in the larger statute. It also requires the plate to be in a place and position to be clearly visible and maintained in a condition to be clearly legible. So even if we limited that language that you were just discussing to objects attached to the plate itself, then there's also a separate requirement here that the plate needs to be at all times in a position to be clearly visible. So as here, where the trailer ball hitch, although it was not attached to the plate itself, it still obstructed the clear visibility of the plate. The plate was not in a position to be clearly visible. So either the driver needed to remove the ball or to move the plate so that it conformed to that requirement. It did not conform to the plain language requirement that it be plainly visible. And I also would like to note, returning to, I understand your emphasis of the license plates, but that language was not included in the statute when it was originally enacted in 1969. But the language that was included and that has appeared in the statute since then was the requirement that, here I can read from the original version, that a plate be in a place and position to be clearly visible and in a condition to be clearly legible. That language has always appeared in the statute. And that language demonstrates the legislative intent to ensure the clear visibility of the plate so that law enforcement officers can view the plate and can run the license plate and determine the registered owner of the vehicle. Identification of the registered owner is essential for law enforcement to determine whether the vehicle is properly registered or stolen and whether the owner is suspected of a crime or is the subject of a warrant. Clear identification of the plate is also essential for ordinary citizens who witness hit-and-run accidents, drive-by shootings, traffic violations, and the like, similar criminal activity, so that they can aid criminal investigations with this information and, where necessary, provide evidence in court. The purpose of requiring clear visibility of the plate is actually demonstrated here. The officer testified that he was unable to view the license plate in full because the trailer ball hitch partially obstructed his view. As a result, he could not run the license plate before stopping the vehicle, thereby placing the officer's safety in jeopardy once they had stopped the vehicle. Indeed, the officer was only able to read the plate in full once he had stopped the vehicle, exited his patrol car, walked up to the rear of the vehicle, and looked over the trailer ball hitch to see the license plate in full. Officers should not be required to stop a vehicle in order to read the license plate. Permitting drivers to obstruct the visibility of their plates with trailer ball hitches and other objects that are attached to the vehicle but not attached to the plate itself, as the appellate court holds, renders license plates useless and undermines the statutory scheme. Simply put, a license plate is not clearly visible when it cannot be read by an officer as he follows a vehicle at a safe distance, given that the plate was attached to the vehicle. The only way to identify a license plate is to identify the owner of the vehicle by the plate. You indicated earlier that if someone's pulling the trailer, it's okay because the trailer has a license on it, but there are a lot of farm and agricultural vehicles, trailers, wagons, et cetera, that do not require licenses to be pulled on the public highways. Does that mean they cannot do it? Well, I believe that would be in violation of the statute if they didn't somehow move the plate so that it was still visible. You're going to have a lot of farmers upset with that ruling. Well, the violation for the statute is only a petty offense. It's punishable by a fine of no more than $1,000. So it's not subjecting them to any jail time. More importantly Can the record tell us the size of this trailer hitch? No, but there is a photograph in the record that is taken from the vantage point of directly behind the vehicle looking down at the plate. So from that view, it's not obstructed. But the trial court found as a factual finding that it did obstruct the plate based upon the officer's testimony. And defendant concedes as much that it did obstruct the plate. So that's not an he presents no evidence to overrule that factual finding and show that it's against the manifest weight of the evidence. More importantly, the appellate court's interpretation cannot withstand scrutiny because it defies common sense and produces absurd results. Under the appellate court's interpretation, a license plate is clearly visible if an object attached to the vehicle obscures the entire plate so long as that object is not directly attached to the plate itself. For instance, a driver could attach an opaque screen to the bumper of the vehicle with the intention of entirely obscuring the plate. And under the appellate court's interpretation, this would not violate the statute because the screen would not be directly affixed to the plate itself. The General Assembly could not have intended such an absurd result. The burden on the drivers here is minimal to conform with this requirement in comparison to the significant state interest that is served by enabling officers to identify the registered owner of the vehicle when carrying out their duties to protect citizens. The fact that items such as wheelchair racks and bicycle racks are commercially available and commonly used does not absolve them from lawful regulations such as this one that license plates be clearly visible. Driving is a privilege and not a right, and it's subject to restrictions to ensure the safety of other drivers and the public as a whole. In conclusion, the officers here had an objective, reasonable suspicion to stop the vehicle because the trailer ball hitch obstructed the clear visibility of the license plate in violation of the license plate display statute. If the court has no further questions, the people request that you reverse the judgment of the Fourth District and affirm the defendant's conviction. Thank you. May it please the Court, Ms. Godfrey. Good morning, Your Honors. My name is Lawrence Babst. I'm with the State Appellate Defender. We represent Mr. Gaytan in this case. We've talked a lot about the placement of trailer ball hitches this morning, and the statute isn't entitled Placement of Trailer Ball Hitches. It's entitled Registration Plates. It says, Display of Registration Plates, Registration Stickers, and Driveway Permits. That's the title of the statute. If the legislature had wanted to regulate where trailer ball hitches were attached to a car, they could have written a statute that regulated trailer ball hitches. For instance, in another section of the traffic code, 12-503, there's a statute entitled, Windshields Must Be Unobstructed and Equipped with Wipers. That's pretty clear. And what the State would like you to do is rewrite this statute to say something like, License Plates Should Be Unobstructed or Not Materially Obstructed. It doesn't say that. Counsel, does the language of the statute, is it broad enough to encompass a trailer ball hitch when it says, quote, Maintained in a condition to be clearly legible, free from any material that would obstruct the visibility of the plate? Our position on that, Your Honor, is that when you look at the words maintained and free from, they indicate materials that are on the license plate rather than things that are attached to the car. And that would be the difference that we would have in that particular statutory interpretation. You know, you can remove a trailer hitch by sliding it out of the frame. Some people I see now are putting insignia, details, whatever. Could you put something in there that would block the entire view of the license plate if it is not attached to the license plate? Your Honor, that example that the State provided would be a little different because, in this case, a trailer ball hitch has a legitimate purpose to pull objects behind the car. If you just put something in there to block the plate, that would not have a legitimate purpose, and that would not be lawful. You would be intentionally trying to obscure the license plate. There's no indication in the history, the legislative history, that the legislature ever even considered trailer ball hitches when it wrote this legislation. No senator or representative ever talked about trailer ball hitches. Without some kind of indication that the legislature intended this, this Court should be reluctant to rewrite the statute. One of the things the State indicated was that when you're pulling a trailer that has a license plate on the back of it, that that somehow is therefore lawful because the trailer has a license plate. And that's true in a lot of cases. As Justice Carminer pointed out, some vehicles are not required to have that. But this statute actually does not contain an exception for when you're pulling a trailer. There's nothing written in the statute that says that the license plate must be clearly visible and clearly legible unless you're pulling a trailer. So under the actual language of this statute, when you hook up something to the back of your trailer hitch, you're violating the statute. The police officer driving behind you can't see your license plate. And there's no exception in the statute. The State has to read that into the statute in order to say, oh, no, that's okay to have a trailer because it's got a license plate on the back of it. That's not what the statute says. There's no such exception in the statute. Wouldn't the same purpose, though, be encompassed? I mean, you know, on the one hand, if you read the statute narrowly as you are when you say that it has to be affixed to the plate itself, right, so if you put a piece of cardboard affixed to the plate and you can't see the plate, no problem, that comes within the statute, right? Yes, sir. But the whole issue is obstruction, right? I mean, the ability to see the plate. So why wouldn't it be read more broadly? That's certainly the purpose of the statute, isn't it, the ability to see the plate? Well, the reason why we wouldn't, we shouldn't read it more broadly is because it is a punitive statute and should be narrowly construed if there's any ambiguity at all. One of the things the State talks about is that this language, clearly visible and clearly legible, they seem to want us to hear completely visible and completely legible. I would submit that on this record, this license plate on this car was clearly visible and clearly legible for this reason. The police officer testified that he could see the plate, not completely, but he could see the plate on the car and saw that it was partially obstructed. So I would argue that that's completely visible. He saw it. I mean, it's clearly visible. He saw the plate. I mean, there were times back when I was arguing death cases in front of Your Honors that I wished I wasn't visible. But I was clearly visible, and even though the podium blocked off part of me. So I don't think we should read clearly visible as completely visible. The same with clearly legible. The officer in this case testified that when he got up to the car, he could read the license plate. It was clearly legible. This statute governs the four corners of the license plate, and that's what it should be limited to. But if we read it that narrowly, you know, the purpose on the one hand is, okay, law enforcement should be able to see the plate for various reasons, right? Well, there's the other side of the issue. People who want to obstruct the plate. So if we read it the four corners of the plate is all that's involved, doesn't that open it up to some shenanigans like, well, a trailer ball hitched with an Edith Joes sign in front of it or whatever, that you can't see it. And you say, well, that's not the four corners of the plate. It's a sign that the purpose of which is to obstruct but isn't covered under the statute. Well, and again, I would say that as the appellate court did, they found that there was a legitimate purpose for a trailer ball hitch. That is to pull a trailer. There would be no legitimate purpose for that sign. Well, if you had Joes, they'd say there's a legitimate purpose, right? Edith Joes. I mean, hey, legitimate, I'm just doing advertising. That's all. No, I should say no legal purpose with respect to the car or the license plate itself. I want to clarify something that you said earlier in response to a question I don't remember if it was from Justice Thomas or Justice Carminer. But you said that if you put some kind of a cardboard something on the trailer ball hitch or on a hitch and you couldn't see the plate, that that would be a violation of statute? Well, my response would be that the trailer ball hitch has a legitimate purpose and it doesn't completely cover the plate from all angles. If you put something up that completely covered the plate and had no legitimate purpose, then I think that you would have an illegal object on the car. But I thought your argument was that in order to be a violation of statute, it actually had to be affixed to the plate, as the appellate court said. You're correct, Your Honor. That is the position I'm making. But I guess the distinction I'm making is there's no legitimate purpose for that other than to obstruct the plate. That person is deliberately trying to keep his plate from being seen from all angles. When you have a trailer ball hitch, when you're right behind the car, it will block part of the letters. But if you move over to the side or move over to the other side or move a little above it, it's legible. It's clearly legible. You can read it. And that's what the police officer in this case testified to. So it's our position that trailer ball hitches, like I said, they have a legitimate purpose. They haul farm implements. They haul trailers. They haul recreational vehicles. On the way up here, I saw a couple pulling a recreational vehicle. That vehicle blocked their license plate on the car. Attached to their recreational vehicle was a bike carrier. So they had bikes when they got to where they were going. That was blocking the plate on their car. There are so many legitimate reasons to have things attached to the back of the car that if the legislature wanted to regulate that, they should write a statute to regulate that, to make it illegal to have a wheelchair carrier on the back that obstructs the license plate. The California courts or legislature specifically had an exception within the statute for wheelchairs. So it's clear that at least they were thinking, you know, this isn't right, that people should be inconvenienced like this. So I don't think we can read into our statute something that's not there. There's no indication that the legislature intended this. It's not written in the statute. And the appellate court in this case correctly held that it's only material that's attached to the plate that should be regulated by 3143B. Unless the court has further questions. Thank you, Your Honors. Good morning. I just have a few points in rebuttal. Defendant argues that we, the State is asking to read language into the statute that does not appear. But that's actually what defendant is attempting to do. The statute contains no language limiting the prohibited obstructions to materials that do not have a legitimate purpose. It just simply doesn't say that. It prohibits any materials that would obstruct the visibility of the plate. That language should be interpreted broadly to serve the purpose of the statute, which is demonstrating the clear visibility of the plate so that law enforcement and other interested individuals can clearly read the plate. And the four corners interpretation defeats the requirement to even have plates in the first instance. If you can only see part of the plate, then you can't identify the registered owner. You need to see all of the numbers and all of the letters to be able to run the plate and determine the owner of the vehicle. If only one of those is missing, the officer cannot run the plate. What are we relying on, counsel, on that last argument that was made by opposing counsel with respect to very legitimate purposes where certain plate is obstructed and not required on a certain type of trailer, for example? Are we relying on prosecutorial discretion then in those type of cases? I mean, would you assert that, like the trailer ball, that they could be stopped, those other legitimate purposes that, you know, a ticket could be written? Well, I would like to note that trailers themselves, again, are required to have their own license plates. But if you're towing, I suppose, another vehicle or bikes can also be mounted on the roof of the vehicle. But officers have discretion when determining whether to stop a vehicle for any type of violation. So if it were, say, they're towing another vehicle or a four-wheeler, I suppose that would be within the officer's discretion. But that would violate the plain language of the statute because the plate would not be clearly visible. In regards to the earlier question addressing farm equipment, that appears to be an open issue. And if the court so desires, I would be happy to file supplemental briefing addressing that because I'm not sure whether there's a separate subsection of the statute that addresses farm equipment. But regarding defendant's argument that a plate is clearly visible under the statute when you can walk up and view the plate from the rear of the vehicle, that entirely undermines the purpose of the statute. It clearly requires a greater degree of visibility than simply walking up and looking at the vehicle. Most times, officers are going to be in their own vehicles following the defendant's vehicle, and they're not going to be able to weave in and out of traffic, as I stated before, and able to fully view the license plate from all angles. That's too great a burden on police officers when they're carrying out their duties. And the trailer ball hitch here does not itself have a legitimate purpose when it's not pulling anything. As I stated before, the ball itself is easily removable. It only serves a purpose when you are pulling something such as a trailer or another item. So the defendant's argument that this does not fall within the prohibited obstructions because it served a legitimate purpose falls short. If the Court has no further questions, the people request that you reverse the Fourth District's judgment. Thank you. Thank you. Case number 116223, people of the State of Illinois v. Jose Gayton, is taken under advisement as agenda number four. Mr. Scoffrey, Mr. Babs, thank you for your arguments today. You're excused. Mr. Marshall, the Court stands adjourned for today to resume tomorrow morning at 9 a.m.